**FILED**
**NOVEMBER 21, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6613**

| | |
|---|---|
| In the matter of the Complaint of ) | |
| Starved Rock Adventures, an Illinois ) | Case No. _____ |
| Corporation, as owner of a 1995, ) | |
| 43' Myaght motor vessel, ) | In Admiralty |
| bearing Hull Identification No. ) | |
| MBYNV127D595, for Exoneration from or ) | **JUDGE DER-YEGHIAYAN** |
| Limitation of Liability, ) | **MAGISTRATE JUDGE COLE** |
| Petitioner. | |

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:

This is a Complaint of STARVED ROCK ADVENTURES. (hereinafter "PETITIONER"), as owner of the 1995 Myaght motor vessel, bearing Hull Identification No. **MBYNV127D595** (hereinafter "VESSEL"), by and through its undersigned counsel, in a cause of exoneration from or limitation of liability, civil and maritime, states:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears.

2. At all times hereinafter mentioned, PETITIONER was, and now is, an Illinois corporation, and was, at all times hereinafter mentioned, the owner of the VESSEL.

3. The VESSEL is a 1995 43' motor vessel, bearing Hull Identification No. **MBYNV127D595**. The VESSEL is within this Judicial District at the time of the filing of this Complaint.

4. The VESSEL is owned by PETITIONER, STARVED ROCK ADVENTURES.

5. Prior to and at all times hereinafter described, PETITIONER exercised due diligence to make and maintain the VESSEL in all respects seaworthy; and at all times hereinafter described she was in all respects seaworthy and fit for the use in which she was engaged until the occurrence of the accident, incident, damages, and injuries, hereinafter described.

6. On May 22, 2007, William Downey and Gerald Valenti, chartered the VESSEL from PETITIONER. At all times material, the VESSEL was operated by William Downey and/or Gerald Valenti. The group set out on a voyage on the navigable waters of Illinois River near Starved Rock Marina. During this voyage, on May 23, 2007 there was an accident on the Illinois River. Upon information and belief, at the time of the accident the VESSEL was under the exclusive custody and control of William Downey and Gerald Valenti. Furthermore, at the time of the accident, PETITIONER was not onboard the VESSEL. The accident purportedly caused personal injuries to William Downey.

7. The aforesaid damages/injuries were not caused or contributed to by any fault, negligence or lack of due care on the part of PETITIONER.

8. The aforesaid damages/injuries were done, occasioned and incurred without the privity and knowledge of PETITIONER.

9. PETITIONER does not know the total amount of all the claims that may be made for damages and personal injury resulting from the above-described accident involving the VESSEL, but anticipates, fears, and believes that suits and claims will be asserted and prosecuted against it in amounts exceeding the total sum or sums for which PETITIONER may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

10. To PETITIONER'S knowledge, as of the filing of this Complaint, the VESSEL has not been attached or arrested.

11. There are no demands, unsatisfied claims of lien or liens against the VESSEL arising out of the above-described incident, or any suit pending thereon, so far as known to PETITIONER, other than those set forth in paragraph 6 of this Complaint.

12. Based upon information and belief, the entire aggregate amount of PETITIONER'S interest in the VESSEL after the incident does not exceed the sum of $25,000.00; there is no pending freight.

13. Subject to any appraisal of its interest upon reference, PETITIONER herewith deposits with the Court, as security for the benefit of claimants, a Stipulation for Value in the sum of $25,000.00, with the legal interest thereon per annum from the date of said Stipulation, said sum being not less than the amount or value of PETITIONER'S interest in the VESSEL following the incident.

14. PETITIONER claims exoneration from liability for any and all damages and injuries caused by the incident involving the VESSEL and for any and all claims therefor. PETITIONER alleges that it has valid defenses thereto on the facts and on the law.

15. PETITIONER, without admitting, but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 U.S.C. § 181 *et seq.*, and the various statutes supplemented thereto and amended thereof, and to that end deposits with the Court, as security for the benefit of claimants, a Stipulation for Value, with interest as aforesaid, with sufficient security, for the amount of value of its interest in the VESSEL, as provided by the applicable statutes, Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the rules and practices of this Honorable Court. If it later appears that PETITIONER may be liable and the amount or value of PETITIONER'S interest in the VESSEL is not sufficient to pay all losses in full, then claimants shall share *pro rata* in the aforesaid sum, saving claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statutes, or by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims and by the rules and practices of this Honorable Court.

16. All and singular these premises are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

**WHEREFORE,** PETITIONER, STARVED ROCK ADVENTURES PRAYS THAT:

(1) This Court issue an Order approving the above-described Stipulation for Value with surety, deposited with the Court by PETITIONER, as security for the amount or value of PETITIONER'S interest in the aforesaid VESSEL until such time the Court

causes due appraisement to be made of the amount of the value of PETITIONER'S interest in the VESSEL;

(2) This Court issues a Notice to all persons asserting claims with respect to which the Complaint seeks limitation admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the PETITIONER a copy thereof on or before a date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he shall file and serve on the attorneys for PETITIONER an answer to the Complaint on or before the said date, unless his claim has included an answer, so designated;

(3) This Court enjoins the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against PETITIONER, as aforesaid, and/or against the VESSEL or against any property of the PETITIONER except in this action, to recover damages for or in respect of any property damages or personal injuries caused by or resulting from the aforesaid accident involving the VESSEL, or otherwise done, occasioned or incurred as a result of the aforesaid accident involving the VESSEL;

(4) This Court adjudges that PETITIONER is not liable to any extent for any damages or injuries, or for any claim therefor in any way arising out of or resulting from the aforesaid accident, damages or injuries, that were done, occasioned or incurred as a result of the aforesaid accident involving the VESSEL;

(5) This Court in this proceeding will adjudge that the PETITIONER is not liable to any extent for any damages or injuries, or for any claim whatsoever in any way

arising from or in consequence of the aforesaid accident involving the VESSEL, or if PETITIONER shall be adjudged liable, then that such liability be limited to the amount or value of PETITIONER'S interest in the VESSEL, as aforesaid, and that PETITIONER be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging PETITIONER from all further liability; and

(6)   PETITIONER may have such other, further or different relief as may be just.

DATED this 21 day of November, 2007.

**Respectfully submitted,**

/s/ **Anthony R. Rutkowski**
Attorney for PETITIONER,
STARVED ROCK ADVENTURES

Anthony R. Rutkowski
**MacCabe & McGuire**
77 W. Wacker Drive
Suite 3333
Chicago, Illinois 60601
(312)357-2600
(fax)(312)357-0317
arutkowski@maccabe-mcguire.com